IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 18–cv–01420–KMT

DAWN SALAZAR, as heir and next of kin of
DONNA ZUBER, deceased,

    Plaintiff,

v.

ANDREW SAUL, Commissioner of Social Security,

    Defendant.

---

## ORDER

---

Plaintiff Dawn Salazar, as heir and next of kin of her deceased mother, Donna Zuber, brings this action, pursuant to the Social Security Act ["the Act"], 42 U.S.C. 405(g), seeking judicial review of a final decision by Defendant Andrew Saul, Commissioner of the Social Security Administration ["Commissioner"], denying Ms. Zuber's applications for disability insurance benefits.  (Doc. Nos. 1, 27, 32.)  Plaintiff has filed an Opening Brief, the Commissioner has responded, and Plaintiff has replied.  (["Opening Brief"], Doc. No. 48; ["Response"], Doc. No. 59; ["Reply"], Doc. No. 61.)  The Commissioner has also filed the Administrative Record.  (Social Security Administrative Record ["AR"], Doc. Nos. 12, 47.)  After carefully analyzing the briefs and the administrative record, the court REVERSES the Commissioner's final decision, and REMANDS for further proceedings consistent with this Order.

On January 13, 2015, Ms. Zuber applied for disability insurance benefits, pursuant to Title II of the Act, and for supplemental security income, pursuant to Title XVI of the Act. (AR 174-81, 205.) The Commissioner denied Plaintiff's applications on March 30, 2015. (AR 83-84.) Ms. Zuber then successfully requested a hearing before an administrative law judge ["ALJ"], which was held on March 14, 2017. (AR 849-883.) Following that hearing, the ALJ issued a written decision, dated May 3, 2017, finding that Ms. Zuber was not disabled through the date of the decision, and thus, denying her applications for benefits. (AR 817-26.) On March 23, 2018, the Appeals Council denied Ms. Zuber's request for review of the ALJ's decision. (AR 832-37.) That denial prompted Plaintiff's request for judicial review. (Doc. No. 1.)

In the interim, Ms. Zuber was diagnosed with breast cancer, and on September 13, 2016, she underwent a double mastectomy followed by several months of chemotherapy and reconstructive surgery. After the cancer eventually metastasized, on April 26, 2018, Ms. Zuber filed a new round of benefits applications. (AR 846.) On May 22, 2018, the SSA's Disability Determination Services ["DDS"] rendered a favorable determination as to those subsequent applications, finding Ms. Zuber to be disabled from breast cancer, as of April 29, 2017. (*Id.*) Given that DDS found Plaintiff to be disabled starting on April 29, 2017, while the ALJ found Plaintiff to be *not* disabled through May 3, 2017, the two decisions were in conflict. Based on the conflicting results of Plaintiff's separate claims, on November 1, 2018, the parties in this civil action filed a joint motion to remand the case for further administrative proceedings, pursuant to sentence six of 42 U.S.C. § 405(g). (Doc. No. 24.) That motion was granted, on November 1, 2018, and the case was then remanded to the Commissioner. (Doc. No. 25.)

On remand, the Appeals Council vacated the Commissioner's previous decision as to Plaintiff's initial applications for benefits, and returned the case to an ALJ "to further consider the evidence, including the additional evidence presented under the subsequent application, and to make new findings and issue a new decision."  (AR 846-47.)  Prior to the resolution of her case, however, on April 20, 2019, Ms. Zuber succumbed to metastatic breast cancer and died.  (AR 1005; *see* AR 1938.)  Three weeks later, on May 7, 2019, Plaintiff's adult daughter, Dawn Salazar, filed a Notice Regarding Substitution of Party Upon Death of Claimant, requesting that she be substituted as the party of record for purposes of adjudicating Plaintiff's claims.  (AR 743, 951.)  Ms. Salazar's request was ultimately approved, and another hearing was then held as to Ms. Zuber's initial disability claim, on November 14, 2019.  (AR 775-812.)

Following that hearing, on November 29, 2019, the ALJ issued a written decision, concluding that, prior to November 6, 2017, Ms. Zuber was not under a "disability," as defined by the Act, but finding that she "became disabled on that date and has continued to be disabled through the date she passed away on April 20, 2019."  (AR 754-65.)  At the end of the decision, the ALJ concluded that DDS had made "an error," when it "found disability in the subsequent application that overlaps with the findings in this current case."  (AR 764.)  The ALJ conjectured, based on her "review[] [of] this matter," that DDS improperly "backdated" its disability finding with respect to Plaintiff's second claim "to approximately five months prior to the discovery of her recurrent cancer," so as "to account for the five month period prior to Title II benefits becoming payable."  (*Id.*)  However, given that this "error" was solely attributable to DDS, the ALJ recommended "a compassionate allowance," pursuant to which Ms. Zuber's estate would not be obligated "to return any overpayment accrued during this five-month period."  (*Id.*)

3

Following the issuance of the ALJ's decision, on March 26, 2020, this court granted Ms. Salazar's motion to reopen the case, and to be substituted as Plaintiff, with respect to Ms. Zuber's Title II claim only. (Doc. Nos. 27, 32, 34.) Upon the case's reopening, on September 4, 2020, the Commissioner filed the Administrative Record. (Doc. No. 47.) Ms. Salazar, substituted as Plaintiff, filed her Opening Brief roughly six weeks later, on October 14, 2020, challenging the ALJ's decision on numerous grounds. (Doc. No. 48.) In particular, Ms. Salazar argues that the ALJ committed reversible error, when she reopened Ms. Zuber's subsequent claim for benefits. (*Id.* at 10.)

On March 11, 2021, the Commissioner filed a Response to Ms. Salazar's Opening Brief, conceding that "the ALJ committed harmful error when she reopened Ms. Zuber's subsequent Title II claim." (Resp. 1.) The Commissioner, thus, asks that the court "issue an order on the merits in Plaintiff's favor and enter a judgment that reverses and remands for further proceedings." (*Id.* at 2.) Specifically, the Commissioner asks that the case be remanded, pursuant to sentence four of 42 U.S.C. § 405(g). (*Id.* at 2 n.1.) The Commissioner states that, upon remand, "the agency's Appeals Council will instruct the ALJ to reconsider whether the conditions to reopen Ms. Zuber's subsequent Title II claim are met, consistent with 20 C.F.R. §§ 404.987 and 404.989(a)(3)." (*Id.* at 2.) The Commissioner explains that, "[i]f the claim is reopened, the ALJ will adjudicate the entire period at issue, and should obtain medical expert evidence to determine the date when Ms. Zuber's cancer met or equaled the Listings." (*Id.* at 2 n.2.) Defendant further explains that, "[i]f the claim is not reopened, the ALJ will only

4

adjudicate the claim through April 28, 2017." (*Id.*)  According to the Commissioner, "[t]he ALJ will articulate these findings in a new decision." (*Id.*)

Ms. Salazar, for her part, does not oppose remand *per se*, but she insists that the court should "limit the Commissioner's scope of review on remand to the period of Ms. Zuber's alleged disability onset date of November 7, 2014 through April 28, 2017." (Reply 3.)  In other words, Ms. Salazar contends that the Commissioner should be precluded from "reopening" Ms. Zuber's subsequent disability claim on remand.  However, the ALJ's most recent decision is erroneous, not because the ALJ reopened Ms. Zuber's subsequent disability claim; rather, as Ms. Salazar herself observes, the ALJ erred by "reopening the subsequent decision *without discussing or explaining her reasons* in accordance with 20 C.F.R. §§ 404.987, 404.989." (Op. Brief 10-11 (emphasis added); *see* AR 847 ("The Appeals Council neither affirms nor reopens the determination under the subsequent determination, which continues to be binding.  This means that the determination will be subject to reopening and revision if additional development indicates that the conditions for reopening are met (20 CFR 404.987).").)  Given that the Social Security Administration's final decisionmaker has not yet reached the merits of this specific issue, the court declines to do so now.  *See Smith v. Berryhill*, 139 S. Ct. 1765, 1779 (2019) ("Fundamental principles of administrative law . . . teach that a federal court generally goes astray if it decides a question that has been delegated to an agency if that agency has not first had a chance to address the question.").

Ms. Salazar also contends that the remand order should specify the errors which must be addressed on remand.  (Reply 5-7; *see* Doc. No. 52 at 2-6.)  However, Plaintiff presents no persuasive authority demonstrating that such specificity is required.  Further, her argument

5

presumes a determination by this court on the merits of one or more of her alleged allegations of error, though the Commissioner's Response essentially concedes that at least one of these errors has purchase.  (*See* Resp. 1.)  Because review on remand is *de novo*, Plaintiff is free to raise all of her allegations of error before the agency.  *See Madrid v. Barnhart*, 447 F.3d 788, 792 (10th Cir. 2006) ("The ALJ's failure to develop the record affected the disability analysis as a whole and we therefore do not address the other issues Mr. Madrid raises on appeal.").

Finally, Ms. Salazar ask the court to "reverse the Commissioner's decision and remand the case to the Commissioner for immediate payment of benefits on Ms. Zuber's 2014 disability claims from the date [the] alleged disability began."  (Op. Brief 17.)  However, a remand for the immediate award of benefits is not appropriate, for the reasons already set forth in this Court's March 5, 2021 Order.  (*See* Doc. No. 57 at 13-14.)  As such, the court declines to exercise its discretion in that regard.  *See Nielson v. Sullivan*, 992 F.2d 1118, 1122 (10th Cir. 1993) ("In reversing the Secretary's determination, it is within our discretion to remand to the Secretary for a further hearing or direct the district court to award benefits.").

The court expresses no opinion as to the merit of Ms. Salazar's other arguments, and neither party should construe the court's silence as tacit approval, or disapproval, of how the evidence was considered.  This Order should not be read to suggest the result that should be reached on remand; rather, upon remand, the parties and the ALJ are encouraged to fully consider the evidence and all issues raised anew.  *See Kepler v. Chater*, 68 F.3d 387, 391-92 (10th Cir. 1995) ("We do not dictate any result [by remanding the case].  Our remand simply assures that the correct legal standards are invoked in reaching a decision based on the facts of the case.").

Accordingly, it is

**ORDERED** that the Commissioner's final decision is **REVERSED** and **REMANDED** to the Commissioner, pursuant to sentence four of 42 U.S.C. § 405(g), for further administrative proceedings consistent with this Order. It is further

**ORDERED** that Plaintiff is awarded costs pursuant to Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1.

This 17th day of March, 2021.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge